UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,
                          Plaintiff,

              -v-                                 24-CV-9269 (JPO)

ATLANTIC DIALYSIS
MANAGEMENT SERVICES, LLC,            ORDER
                        Defendant.

J. PAUL OETKEN, District Judge:

    *Pro se* plaintiff Jason Wimberly moves for reconsideration of this Court's order granting Defendant Atlantic Dialysis Management Services, LLC ("Atlantic")'s motion to dismiss Wimberly's complaint. (ECF No. 50.) Wimberly moves also for a temporary restraining order ("TRO") enjoining Atlantic from enforcing against him a policy prohibiting patients from rescheduling more than one dialysis appointment per week, which Wimberly alleges is discriminatory and retaliatory. (ECF Nos. 54-56.)[1] The Court assumes the parties' familiarity with the factual and legal background of this case, which are recounted only as necessary to explain the Court's decision to deny Wimberly's motions.

**I.    Motion for Reconsideration**

    Wimberly moves the Court to reconsider its April 29, 2025 Opinion and Order dismissing his Americans with Disabilities Act ("ADA") and Rehabilitation Act claims. (ECF No. 48.) "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests

---

[1] Wimberly moves separately to file ECF No. 54-1, which contains many of his medical records, under seal. (ECF No. 58.) Because courts routinely permit the filing of personal medical information under seal, *see Paravas v. Tran*, No. 21-CV-807, 2022 WL 741590, at *1 (S.D.N.Y. Mar. 11, 2022) (Parker, Mag. J.) (citing *Wheeler-Whichard v. Doe*, No. 10-CV-358, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010)), that motion is granted.

of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013) (citation omitted); *see also Cioce v. County of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) (summary order) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003))).

Wimberly identifies no intervening change in applicable law, contending only that the Court misapplied the ADA and Rehabilitation Act as to his claims that Atlantic failed to properly enter standing orders on his behalf or adjust those standing orders to account for Wimberly's scheduling needs. (*See* ECF No. 51 at 3.) Wimberly may present that argument to the Court of Appeals, but rehashing his previously filed claims is not a proper basis for reconsideration. Further, Wimberly's argument that the Court should have considered Atlantic's status as a state actor does not change the analysis, as Titles II and III of the ADA impose identical accommodation requirements. *See Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 158 n.6 (2d Cir. 2013). And though Wimberly gestures at constitutional violations (*see* ECF No. 51 at 7, 15-16), none of Atlantic's alleged actions violates Wimberly's constitutional rights. Wimberly likewise identifies no new evidence or clear legal error requiring reconsideration.

Accordingly, the motion for reconsideration is denied.

**II.     Motion for Temporary Restraining Order**

Wimberly moves next for a TRO enjoining Atlantic from enforcing a policy prohibiting patients from rescheduling more than one dialysis appointment in a single week.  (ECF No. 54.) Wimberly argues that the policy violates the ADA and the Rehabilitation Act, as well as federal Medicaid regulations and New York state and local laws.  (*See* ECF No. 55.)  Wimberly also contends that the imposition of the policy so soon after his suing Atlantic for disability discrimination constitutes retaliation.  (*See id.*)  Atlantic appears to concede that the policy exists but argues that it does not violate any law or constitute retaliation.  (*See* ECF No. 65 at 4-5.)

"A temporary restraining order is an extraordinary remedy that will not be granted lightly."  *Carter v. Sewell*, No. 23-CV-1139, 2023 WL 7164304, at *1 (S.D.N.Y. Oct. 31, 2023) (cleaned up).  The standard for obtaining a TRO is the same as that for obtaining a preliminary injunction.  *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997).  "To obtain a preliminary injunction," a plaintiff "must establish (1) that [he] is likely to succeed on the merits, (2) that [he] is likely to suffer irreparable harm if the injunction is not granted, (3) that the balance of the equities tips in [his] favor, and (4) that the injunction serves the public interest." *SAM Party of N.Y. v. Kosinski*, 987 F.3d 267, 273-74 (2d Cir. 2021).

Here, Wimberly is unlikely to succeed on the merits because he does not identify an instance of disability discrimination or failure to accommodate his disability.  As the Court explained in its prior Opinion and Order, "the [Second Circuit] has repeatedly held that a plaintiff may not challenge the adequacy of services provided exclusively to the disabled under either the ADA or the Rehabilitation Act." *Wimberly v. Atl. Dialysis Mgmt. Servs., LLC*, No. 24-CV-9269, 2025 WL 1237546, at *4 (S.D.N.Y. Apr. 29, 2025) (quotation marks omitted) (quoting *Greene v. City of New York*, 725 F. Supp. 3d 400, 424 (S.D.N.Y. 2024)); *see also Long*

*Island*, No. 24-493, 2025 WL 763425, at *2 (2d Cir. Mar. 11, 2025) (summary order). And Wimberly fares no better on the theory that Atlantic's policy fails to accommodate his disability, because the contention that his disability will require more than one rescheduled appointment in a week is both speculative and not clearly a violation of any law.[2] "The showing of irreparable harm"—"perhaps the single most important prerequisite for a preliminary injunction"—must be of a harm that is "likely and imminent, not remote or speculative." *Valenzuela Arias v. Decker*, 612 F. Supp. 3d 307, 311 (S.D.N.Y. 2020) (quotation marks omitted). Wimberly shows no imminent injury, only the possibility that a future application of Atlantic's policy may require that he seek emergency dialysis. Far from sufficient to support the issuance of a TRO, it is not even clear that Wimberly's allegations meet the requirements of Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 565 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our [Article III] cases require."). Wimberly's allegation that, on June 7, 2025, he was denied the opportunity to reschedule (*see* ECF No. 56 ¶¶ 7-10) does not demonstrate imminent injury, both because it is only a single instance of past harm and because Wimberly does not allege that it resulted in his losing access to dialysis services. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Lujan*, 504 U.S. at 565 (cleaned up) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

---

[2] That includes 42 C.F.R. § 494.70, which the Court has already held does not provide a private right of action under these circumstances. *See Wimberly*, 2025 WL 1237546, at *3 n.3.

Wimberly is also unlikely to prevail on his claim that Atlantic's policy is retaliatory. The Second Circuit has emphasized repeatedly that where a "policy applie[s] to all [constituents] regardless of whether they ha[ve] engaged in protected activity," the plaintiff "has not plausibly pleaded a connection between his invocations of the ADA" and the application of the policy. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 171 (2d Cir. 2024); *see also Johnson v. Mount Sinai Hosp. Grp. Inc.*, No. 23-466, 2024 WL 3289475, at *2 (2d Cir. July 3, 2024) (summary order); *Librandi v. Alexion Pharms., Inc.*, No. 23-962, 2024 WL 3872727, at *1-2 (2d Cir. Aug. 19, 2024) (summary order).

Accordingly, the motion for a temporary restraining order is denied.

### III.   Conclusion

For the foregoing reasons:

1. Wimberly's motion for reconsideration is DENIED.
2. Wimberly's motion for a temporary restraining order is DENIED.
3. Wimberly's motion to seal ECF No. 54-1 is GRANTED.

Mr. Wimberly is informed that this case is closed and that further relief must be sought in the form of a timely appeal to the United States Court of Appeals for the Second Circuit or a newly filed action.

The Clerk is directed to close the motions at ECF Nos. 50, 54, and 58.

SO ORDERED.

Dated: June 13, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge